UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MCM RETAIL GROUP, INC.,

    Plaintiff,

v.                                 Case No. 3:23-cv-01212-HES-MCR

D4 MEDIA CORP. and JOHN DANIEL
DUNLAP IV,

    Defendants.
_____/

**O R D E R**

This cause comes before the Court on "Defendants' Motion to Dismiss or, in the Alternative, Transfer Venue to the United States District Court for the District of Nevada and Incorporated Memorandum of Law" (Dkt. 17), "MCM Retail Group, Inc.'s Response in Opposition to Defendants D4 Media Corp. and John Daniel Dunlap's Motion to Dismiss or Transfer Venue" (Dkt. 19), and "Defendants' Reply in Support of their Motion to Dismiss" (Dkt. 27).

Plaintiff filed a four-count complaint against D4 Media Corp. d/b/a CashMyGuns and John Dunlap IV (collectively "Defendants") for defamation and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUPTA") (Dkt. 1). Plaintiff alleges this Court has diversity jurisdiction under 28 U.S.C. § 1332 (Dkt. 1, ¶5). Defendants do not dispute the parties are diverse but contest that Plaintiff has sufficiently alleged the amount in

controversy exceeds $75,000. Defendants move this Court to dismiss for lack of subject matter jurisdiction (Dkt. 17). Alternatively, Defendants move to dismiss the complaint for lack of personal jurisdiction or improper venue, or to transfer the matter to the U.S. District Court for the District of Nevada under 28 U.S.C. § 1404(a) (Dkt. 17).

To invoke a federal court's diversity jurisdiction, a plaintiff must allege that the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Federal courts are courts of limited jurisdiction," *Burns v. Windsor Ins.*, Co., 31 F.3d 1092, 1095 (11th Cir.1994), which determine whether subject matter jurisdiction exists "as of the time the Complaint was filed." *Baggett v. First Nat. Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997); *see also GMAC Ins. Co. Online, Inc. v. Shaw*, No. 6:13-cv-1826-Orl-28DAB, 2014 WL 12618188, at *3 (M.D. Fla. Feb. 21, 2014) (amount in controversy must exist "at the time of the commencement of the action" for diversity jurisdiction), *report and recommendation adopted*, No. 6:13-cv-1826-Orl-28DAB, 2014 WL 12621475 (M.D. Fla. Mar. 24, 2014).

Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). But when "jurisdiction is based on a claim for indeterminate damages, the *Red Cab Co.* 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the

2

burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356–57 (11th Cir. 1996)).

Generally, attorneys' fees are excluded from determining the amount in controversy, unless fees are provided by contract or statute. *Springstead v. Crawfordsville State Bank*, 231 U.S. 541, 541 (1913); *Cohen v. Off. Depot*, 204 F.3d 1069, 1079 (11th Cir. 2000). Yet "when the amount in controversy depends on a claim for attorney fees, that claim should receive heightened scrutiny." *Cohen*, 204 F.3d at 1080 n. 10. Attorney's fees may be considered only in the amount of controversy if they are reasonable. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Courts cannot speculate and are especially vigilant when assertions on attorney's fees are self-serving. *Progressive Am. Ins. Co. v. Anderson*, No. 5:17-CV-370-OC-39PRL, 2018 WL 3637550 (M.D. Fla. May 8, 2018), *report and recommendation adopted as modified*, No. 5:17-CV-370-OC-39PRL, 2018 WL 3637551 (M.D. Fla. May 30, 2018) (collecting cases). Further, "[m]erely relying on general statements that any litigation of this nature would result in that level of fees is insufficient to meet the burden of proof." *Hall v. Am. Sec. Ins. Co.*, 2009 WL 2215131, at *2 (S.D. Fla. 2009).

Plaintiff's sole basis in establishing the amount in controversy is its potential to recover prevailing party attorneys' fees under FDUPTA (Dkt. 4 at 4). In support is the declaration of Lee. D. Wedekind, III, stating the partner hourly rate is $550 and the associate rate is $395 (Dkt. 19-1 ¶6). So, it expects at least $250,000 in attorneys' fees will accrue through the conclusion of this litigation (*Id*. at ¶7).

Plaintiff has not met its burden to show that a reasonable amount of attorney's fees would satisfy the $75,000 amount in controversy requirement. Plaintiff has filed no other proof aside from its own self-serving declaration. Without more evidence how this fee was determined or the likelihood of such an amount, this court is unwilling to accept this assertion to establish subject matter jurisdiction.

Accordingly, it is hereby **ORDERED**:

1. "Defendants' Motion to Dismiss or, in the Alternative, Transfer Venue to the United States District Court for the District of Nevada and Incorporated Memorandum of Law" (Dkt. 17) is **GRANTED**;

2. This case is **DISMISSED** without prejudice for lack of subject matter jurisdiction; and

3. The clerk is directed to terminate all pending motions and close this file.

**DONE AND ENTERED** at Jacksonville, Florida, this ___7th___ day of February 2024.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

**Copies to:**
Lee Dilly Wedekind, III, Esq.
John McDermott, Esq.
Jerry C. Carter, Esq.
Alison R. Kertis, Esq.
Daniel M. Mahfood, Esq.
Michael Manuel Gropper, Esq.

5